**BURNWORTH, Admr., Appellant,**

v.

**HARPER et al., Appellees.**

[Cite as *Burnworth v. Harper* (1996), 109 Ohio App.3d 401.]

Court of Appeals of Ohio,
Fourth District, Washington County.

No. 95CA12.

Decided Feb. 15, 1996.

402

*Cosenza & Underwood* and *George J. Cosenza,* for appellant.

*Theisen, Brock, Frye, Erb & Leeper Co., L.P.A.,* and *John E. Erb,* for appellees.

---

HARSHA, Judge.

Randall G. Burnworth, administrator of the estate of Leeanne Minard, appeals from a judgment entry of the Court of Common Pleas of Washington County which granted summary judgment to the defendants, Clarence and Beverly Harper. Appellant raises the following assignment of error for our review:

"Did the trial court err by granting the appellees' motion for summary judgment?"

Appellant represents the estate of the deceased Leeanne Minard, who died from carbon monoxide poisoning while in the apartment she was renting from appellees. The decedent had signed a rental application agreement and regulations with appellees, Clarence Brooks Harper and Beverly Harper, on October 16, 1993, to lease apartment No. 3 at 212 Washington Street, Marietta, Ohio, for a minimum period of six months. The apartment was heated by three natural gas space heaters. One heater was in the front room of the apartment, one was in the middle room, and one was in the side bedroom. Each heater vented into its own individual chimney that rose above the roof of the house. Operating the

heaters involved turning the gas on, opening the pilot light, lighting the gas and adjusting the gas setting for the amount of heat desired.

When the decedent and her companion, Michael Patton, moved into apartment No. 3, the space heaters were not lit. Appellee Clarence Harper had told the decedent and Patton when the lease was signed to contact the gas company to light the heaters when needed. At that time, Patton told appellee that he had used space heaters before and said he would light the heaters himself. Patton had trouble lighting the heater in the bedroom so appellee went to the upstairs apartment and instructed Patton on how to light it. The other two heaters were already lit. Apparently, the flue which vented the space heater located in the middle room of the apartment was clogged.

Appellees are responsible for the necessary maintenance work on apartment No. 3, including the heating and ventilation systems. However, Harper testified in his deposition that he had never inspected the heating units or the ventilation system, and that he did not have any regular maintenance schedule for the heating units. The heaters were inspected by the gas company a year prior to this incident when the tenant who was living in the upstairs apartment asked the gas company to come and light the heaters. At that time, the gas company requested that a secondary valve be installed on the heater in the bedroom, which appellee did immediately. Other than the valve, nothing else appeared to be wrong with the heating units. Harper stated that he was not aware of any dangers related to the use of space heaters other than a fire or the fumes which could be harmful. Also, he was not aware that the chimney was plugged and he did not know that the flues could become clogged.

On November 23, 1993, the decedent and her companion, Michael Patton, died of carbon monoxide poisoning caused by the clogged flue. Subsequently, appellant Randall Burnworth, administrator of the estate of Leeanne Minard, filed a wrongful death action against appellees. Appellees filed a motion for summary judgment, which the trial court granted on the basis that there was no evidence that appellees at any time received notice or had notice or knowledge of the defective ventilating system. Appellant filed a timely notice of appeal.

In his sole assignment of error, appellant argues that there was a genuine issue of material fact regarding whether appellees had actual or constructive notice of the defective ventilation system. Thus, appellant argues that appellees were not entitled to summary judgment. In reviewing a motion for summary judgment, the lower court and the appellate court utilize the same standard, *i.e.*, we review the judgment independently and without deference to the trial court's determination. *Midwest Specialties, Inc. v. Firestone Tire and Rubber Co.* (1988), 42 Ohio App.3d 6, 8, 536 N.E.2d 411, 413. Summary judgment is appropriate when the following have been established: (1) that there is no

genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence construed most strongly in its favor. *Bostic v. Connor* (1988), 37 Ohio St.3d 144, 146, 524 N.E.2d 881, 884; *State ex rel. Coulverson v. Ohio Adult Parole Auth.* (1991), 62 Ohio St.3d 12, 14, 577 N.E.2d 352, 353; Civ.R. 56(C). The burden of showing that no genuine issue exists as to any material fact falls upon the moving party in requesting summary judgment. *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 115, 526 N.E.2d 798, 801. Additionally, a motion for summary judgment forces the nonmoving party to produce evidence on any issue for which (1) that party bears the burden of production at trial, and (2) for which the moving party has met its initial burden. See *Stewart v. B.F. Goodrich Co.* (1993), 89 Ohio App.3d 35, 623 N.E.2d 591, and *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095, paragraph three of the syllabus.

In their motion for summary judgment, appellees argued that there was no genuine issue of material fact regarding proximate cause because there was no evidence in the record that appellees had received notice of the defective condition or knew of the defect in the heating system, or that the decedent had made a reasonable attempt to notify appellees of the defect. Appellees based their analysis of the law regarding a landlord's tort liability on the Ohio Supreme Court's decision in *Shroades v. Rental Homes* (1981), 68 Ohio St.2d 20, 22 O.O.3d 152, 427 N.E.2d 774. Appellant argues that *Shroades* is inapplicable under the facts of this case and that even if notice is required, there is a genuine issue of material fact as to whether appellees had actual or constructive notice.

R.C. 5321.04 governs the obligations which a landlord owes his tenant:

"(A) A landlord who is a party to a rental agreement shall do all of the following:

" * * * *

"(4) Maintain in good and safe working order and condition all electrical, plumbing, sanitary, heating, ventilating, and air conditioning fixtures and appliances, and elevators, supplied or required to be supplied by him. * * *"

The Ohio Supreme Court has set forth a landlord's liability under R.C. 5321.04, stating that "a landlord is liable for injuries, sustained on the demised residential premises, which are proximately caused by the landlord's failure to fulfill the duties imposed by R.C. 5321.04." *Shroades, supra,* 68 Ohio St.2d at 25, 22 O.O.3d at 155, 427 N.E.2d at 777. R.C. 5321.04 is part of the Landlords and Tenants Act

of 1974, which changed the common-law liability between landlords and tenants of residential premises, and was enacted to provide the tenant with greater rights and to negate the previous common-law tort immunities for landlords. A landlord's violation of the statutory duty is negligence *per se*. *Shroades, supra; Patton v. Pennsylvania RR. Co.* (1939), 136 Ohio St. 159, 16 O.O. 114, 24 N.E.2d 597; *Schell v. DuBois* (1916), 94 Ohio St. 93, 113 N.E. 664. However, before the landlord becomes liable, proximate cause for the injuries sustained must be established. *Patton* and *Schell, supra*. "Also, it must be shown that the landlord received notice of the defective condition of the rental premises, that the landlord knew of the defect, or that the tenant had made reasonable, but unsuccessful, attempts to notify the landlord." *Shroades,* 68 Ohio St.2d at 26, 22 O.O.3d at 155, 427 N.E.2d at 778. Thus, in construing a landlord's liability under the Ohio Revised Code, the Supreme Court has imposed a notice requirement.

Appellant contends that *Shroades* is inapplicable here because the tenants, unlike in *Shroades,* were not aware of the defect. However, the courts have imposed the notice requirement set forth in *Shroades* even in cases where the tenants were not aware of the defective condition which caused the injury. *Rice v. Reid* (Apr. 23, 1992), Crawford App. No. 3–91–34, unreported, 1992 WL 81424; *Harmon v. Schroeder* (Dec. 17, 1986), Defiance App. No. 4–85–17, unreported, 1986 WL 14411, *Harden v. Murphy* (Jan. 29, 1982), Lucas App. No. L–81–216, unreported, 1982 WL 6245. Thus, appellant's argument is without merit.

■ Appellant has not produced any evidence indicating that appellees had notice of the defective heating system. Appellees stated that they were not aware that the flue was clogged. There is no evidence which indicates otherwise. Even the circumstantial evidence indicates that appellees were without notice. The heating units had appeared to work properly prior to this incident. The gas company had inspected the units one year before and the only problem was with a valve, which appellees cured immediately. Appellees did not receive any other complaints concerning the heating and ventilation. Furthermore, the decedent and Patton were unaware of the defect, so they would not have attempted to notify appellees about the clogged flue. Appellant argues that because of Mr. Harper's background and his failure to perform general maintenance on the heaters, he should have been aware of the defect. However, general knowledge of the possibility of a defect does not rise to the level of either actual or constructive notice. *Winston Properties v. Sanders* (1989), 57 Ohio App.3d 28, 29–30, 565 N.E.2d 1280, 1281–1282; *Murphy v. Baur Realty* (Oct. 21, 1993), Cuyahoga App. No. 63756, unreported, 1993 WL 425353. Therefore, appellees' knowledge that fumes from a space heater could be dangerous to a tenant do not

provide the requisite notice of a defect in the heaters which produced carbon monoxide. Accordingly, appellant has failed to meet his burden of producing evidence of notice.

There is an additional reason why appellant has not established proximate cause. Even if we were to hold that the duty to maintain carries with it a concomitant duty to inspect absent notice, appellant offered no evidence showing that if appellees would have inspected the heaters or ventilation, they would have detected the presence of carbon monoxide or noticed the clogged flue. There is no evidence of when the flue became clogged or that appellees could have prevented the defect. Accordingly, without establishing proximate cause, appellant cannot prevail under R.C. 5321.04.

Appellant also argues that appellees are liable under common law. Under common law, a landlord does not have liability unless the defect existed when the tenant took control of the premises. *Shindelbeck v. Moon* (1877), 32 Ohio St. 264; *Harden, supra.* There is no evidence in this case that the defect existed when the deceased and her companion moved into the upstairs apartment or that appellees had notice of any defects at that time. See *Shinkle, Wilson & Kreis Co. v. Birney & Seymour* (1903), 68 Ohio St. 328, 67 N.E. 715, holding that a landlord has no common-law liability for latent defects of which he has no knowledge. Thus, appellees do not incur liability under the common law. Because the record lacks any evidence of proximate cause, notice, or common-law liability, there is no genuine issue of material fact in this case. Accordingly, the trial court did not err in granting summary judgment on behalf of appellees.

*Judgment affirmed.*

PETER B. ABELE, P.J., and KLINE, J., concur.