DECISION AND JUDGMENT ENTRY
This is an appeal from a Highland County Common Pleas Court summary judgment entered in favor of Family Dollar Stores, George A. and Carolyn Ann Kinslow, and Paul T. Smith, Revocable Trust, defendants below and appellees herein.
Christine Ashbaugh and Harold Ashbaugh, plaintiffs below and appellants herein, raise the following assignment of error for review:
 "THE TRIAL COURT ERRED BY GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANTS-APPELLEES."
Our review of the record reveals the following facts pertinent to the instant appeal. Family Dollar leases its premises from the Paul R. Smith Trust. George and Carolyn Kinslow, as executors of the trust, are the real estate managers for the property and are responsible for resurfacing the parking lot and repairing potholes.
Family Dollar hires people to clean the parking lot. Mary Denise Mulkey, the store manager of Family Dollar, stated that Family Dollar employees inspect the parking lot every morning for runaway shopping carts. Mulkey stated that if, during the morning inspection, the employees discover oil spills, the employees will spread cat litter over the spill.
On December 14, 1996, around 7:00 to 7:15 p.m., Christine Ashbaugh parked her vehicle in the Family Dollar Store parking lot. Mrs. Ashbaugh had parked her car next to a parking space containing another car. When she exited her car, she stated that she had no difficulty seeing the pavement and the sidewalk, although apparently one of the exterior lights was not functioning.
Approximately ten to fifteen minutes later when Mrs. Ashbaugh exited the store, she noticed that the car next to her space had left. She stepped off the sidewalk and walked across the previously occupied parking space. As Mrs. Ashbaugh walked across the parking space, she slipped and fell, fracturing her patella. After her fall, she noticed oil on her hands and clothes.
The next morning, Mr. Ashbaugh went to the Family Dollar Store parking lot to examine the spot where his wife had fallen. Mr. Ashbaugh stated that the oil looked like it could have come from the car that had been parked in the spot next to his wife's car when she first arrived at the store.
On January 18, 1997, plaintiffs filed a personal injury complaint against appellees.[1] Appellees filed answers denying liability.
Appellees subsequently filed motions for summary judgment. Appellees asserted that no genuine issues of material fact remained as to whether they possessed actual or constructive knowledge of the oil spill in the parking lot.
On June 4, 1999, the trial court granted appellees' motions for summary judgment. Appellants filed a timely notice of appeal.[2]
In their sole assignment of error, appellants contend that the trial court erred by granting appellees' motions for summary judgment. Appellants assert that genuine issues of material fact remain regarding whether appellees breached the duty of care owed to Mrs. Ashbaugh, a business invitee. Appellants argue that genuine issues of material fact remain as to: (1) whether appellees had actual or constructive notice of the oil spill; (2) the length of time that the oil spill existed; (3) whether the parking lot was adequately lighted; and (4) whether Family Dollar somehow failed in its duty of inspection.
As to whether Family Dollar somehow failed in its duty of inspections, appellants note that the morning after Mrs. Ashbaugh fell, Mr. Ashbaugh went to the store and noticed that the oil spill was still there. Appellants therefore claim that Family Dollar employees were lax in their inspection of the parking lot. Appellants argue that because evidence exists that Family Dollar employees did not inspect the parking lot on the morning following the accident, one can infer that Family Dollar did not inspect the parking lot on the date of the accident. Appellants appear to argue that had Family Dollar inspected the parking lot on the date of Mrs. Ashbaugh's fall, Family Dollar would have discovered the oil spill and taken steps to eliminate the potential danger to its invitees.
Appellees argue that appellants have failed to produce any evidence that tends to establish that they created the hazard or that they had actual or constructive knowledge of the hazard. Moreover, appellees contend that no evidence exists as to the length of time that the oil spill was present. Appellees argue that the car which had been parked next to Mrs. Ashbaugh when she arrived at the store most likely left the oil spill.
Initially, we note that when reviewing a trial court' s decision regarding a motion for summary judgment, an appellate court conducts a de novo review. Grafton v. Ohio Edison Co.
(1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241, 245. Accordingly, an appellate court must independently review the record to determine if summary judgment was appropriate and need not defer to the trial court's decision. See Brown v. Scioto Bd.of Commrs. (1993), 87 Ohio App.3d 704, 711, 622 N.E.2d 1153,1157; Morehead v. Conley (1991), 75 Ohio App.3d 409, 411-12,599 N.E.2d 786, 788. Thus, in determining whether a trial court properly granted a motion for summary judgment, an appellate court must review the standard for granting a motion for summary judgment as set forth in Civ.R. 56, as well as the applicable law.
Civ.R. 56(C) provides, in relevant part, as follows:
 * * * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.
Thus, a trial court may not grant a motion for summary judgment unless the evidence before the court demonstrates that: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. See, e.g., Vahila v. Hall (1997), 77 Ohio St.3d 421,429-30, 674 N.E.2d 1164, 1171.
Pursuant to Civ.R. 56, the moving party bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a material fact. Vahila, supra; Dresher v. Burt
(1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264, 273. The moving party cannot discharge its initial burden under the rule with a conclusory assertion that the nonmoving party has no evidence to prove its case. Kulch v. Structural Fibers, Inc. (1997), 78 Ohio St.3d 134,147, 677 N.E.2d 308, 318; Dresher, supra. Rather, the moving party must specifically refer to the "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any," which affirmatively demonstrate that the nonmoving party has no evidence to support the nonmoving party's claims. Civ.R. 56(C); Dresher, supra.
 "[U]nless a movant meets its initial burden of establishing that the nonmovant has either a complete lack of evidence or has an insufficient showing of evidence to establish the existence of an essential element of its case upon which the nonmovant will have the burden of proof at trial, a trial court shall not grant a summary judgment."
Pennsylvania Lumbermans Ins. Corp. v. Landmark Elec., Inc.
(1996), 110 Ohio App.3d 732, 742, 675 N.E.2d 65, 72-73. Once the moving party satisfies its burden, the nonmoving party bears a corresponding duty to set forth specific facts showing that there is a genuine issue for trial. Civ.R. 56(E); Dresher, supra.
In responding to a motion for summary judgment, the nonmoving party may not rest on "unsupported allegations in the pleadings." Harless v. Willis Day Warehousing Co. (1978),54 Ohio St.2d 64, 66, 375 N.E.2d 46, 47. Rather, Civ.R. 56 requires the nonmoving party to respond with competent evidence that demonstrates the existence of a genuine issue of material fact. Specifically, Civ.R. 56(E) provides:
 * * * * When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party.
Consequently, once the moving party satisfies its Civ.R. 56 burden, the nonmoving party must demonstrate, by affidavit or by producing evidence of the type listed in Civ.R. 56(C), that a genuine issue of material fact remains for trial. A trial court may grant a properly supported motion for summary judgment if the nonmoving party does not respond, by affidavit or as otherwise provided in Civ.R. 56, with specific facts showing that there is a genuine issue for trial. Dresher, supra; Jackson v. Alert Fire Safety Equip., Inc. (1991), 58 Ohio St.3d 48, 52,567 N.E.2d 1027, 1031.
In order to survive a properly supported motion for summary judgment in a negligence action, a plaintiff must establish that genuine issues of material fact remain as to whether: (1) the defendant owed her a duty of care; (2) the defendant breached the duty of care; and (3) as a direct and proximate result of the defendant' s breach, the plaintiff suffered injury. See Texler v.D.O. Summers Cleaners (1998), 81 Ohio St.3d 677, 680, 693 N.E.2d 217, [693 N.E.2d 271], 274; Jeffers v. Olexo (1989),43 Ohio St.3d 140, 142, 539 N.E.2d 614, 616; Menifee v. OhioWelding Products, Inc. (1984), 15 Ohio St.3d 75, 472 N.E.2d 707. If a defendant points to evidence illustrating that the plaintiff will be unable to prove any one of the foregoing elements and if the plaintiff fails to respond as Civ.R. 56 provides, the defendant is entitled to judgment as a matter of law. SeeFeichtner v. Cleveland (1994), 95 Ohio App.3d 388, 394,642 N.E.2d 657, 661; Keister v. Park Centre Lanes (1981),3 Ohio App.3d 19, 443 N.E.2d 532; Lindquistv. Dairy Mart Convenience Stores of Ohio. Inc. (Nov. 14, 1997), Ashtabula App. No. 97-A-0015, unreported.
In a premises liability case, the relationship between the owner or occupier of the premises and the injured party determines the duty owed. See, e.g., Gladon v. Greater ClevelandRegional Transit Auth. (1996), 75 Ohio St.3d 312, 315,662 N.E.2d 287, 291; Shump v. First Continental-Robinwood Assocs. (1994),71 Ohio St.3d 414, 417, 644 N.E.2d 291, 294. A business premises owner or occupier possesses the duty to exercise ordinary care in maintaining its premises in a reasonably safe condition, such that its business invitees will not unreasonably or unnecessarily be exposed to danger.[3] Paschal v. Rite Aid Pharmacy, Inc.
(1985), 18 Ohio St.3d 203, 203, 480 N.E.2d 474, 475. A premises owner or occupier is not, however, an insurer of its invitees' safety. See id. While the premises owner must warn its invitees of latent or concealed dangers if the owner knows or has reason to know of the hidden dangers, see Jackson v. Kings Island
(1979), 58 Ohio St.2d 357, 358, 390 N.E.2d 810, 812, invitees are expected to take reasonable precautions to avoid dangers that are patent or obvious. See Brinkman v. Ross (1993), 68 Ohio St.3d 82,84, 623 N.E.2d 1175, 1177; Sidle v. Humphrey (1968), 13 Ohio St.2d 45, 233 N.E.2d 589, paragraph one of the syllabus.
In a slip and fall case, to establish that the owner or occupier failed to exercise ordinary care, the invitee must establish that: (1) the owner of the premises or his agent was responsible for the hazard of which the invitee has complained; (2) at least one of such persons had actual knowledge of the hazard and neglected to give adequate notice of its existence or to remove it promptly; or (3) the hazard existed for a sufficient length of time to justify the inference that the failure to warn against it or remove it was attributable to a lack of ordinary care. See Johnson v. Wagner Provision Co. (1943), 141 Ohio St. 584,589, 49 N.E.2d 925, 928; see also, Presley v. Norwood
(1973), 36 Ohio St.2d 29, 31, 303 N.E.2d 81, 84.
Thus, if "it is the property owner itself which creates the hazardous condition which causes the plaintiff' s injury, then the plaintiff need not show that the owner had knowledge or notice of the condition of at issue." Crane v. Lakewood Hosp. (1995),103 Ohio App.3d 129, 136, 658 N.E.2d 1088 (citing Presley v. Norwood
(1973), 36 Ohio St.2d 29, 31, 303 N.E.2d 81). If, however, a plaintiff cannot establish that the owner or occupier possessed actual knowledge of the hazard, evidence showing the length of time during which the hazard existed is necessary to support an inference that the owner had constructive knowledge. Presley,36 Ohio St. 2d at 32, 303 N.E.2d at 84 (stating that "the plaintiff must show that the defendant had, or in the exercise of ordinary care should have had, notice of the hazard for a sufficient time to enable him, in the exercise of ordinary care, to remove it or warn patrons about it"); see, also, Combs v. First Natl.Supermarkets, Inc. (1995), 105 Ohio App.3d 27, 30,663 N.E.2d 669, 671, discretionary appeal not allowed, 74 Ohio St.3d 1422,655 N.E.2d 742 (stating that to support the inference that the owner possessed constructive knowledge, evidence of how long the hazard existed must be presented). In the absence of proof that the owner or occupier created the hazard, or that the owner or occupier possessed actual or constructive knowledge of the hazard, no liability may attach. Presley, supra; Anaple v.Standard Oil Co. (1955), 162 Ohio St. 537, 124 N.E.2d 128.
In the case sub judice, no evidence exists to demonstrate that appellees created the hazard. Rather, the evidence suggests that the car that had been parked next to Mrs. Ashbaugh's vehicle may have created the oil spot. Moreover, no evidence exists that appellees possessed actual knowledge that the oil spot was located in the parking lot. Appellants have not presented any evidence as to the length of time that the oil spill existed prior to Mrs. Ashbaugh's fall. Thus, no inference may arise that the failure to warn against the hazard posed by the oil spot or to remove it was attributable to a lack of ordinary care. See,e.g., Combs, supra.
We further note that slip and fall cases involving oil spills generally fall into two categories. The first category involves oil spills in an area where an individual would not ordinarily expect to encounter such a spill. For example, a person would not ordinarily expect to encounter an oil spill at the end of a handicap ramp. See Collins v. Emro Marketing Co.
(May 11, 1999), Franklin App. No. 98AP-1014, unreported; see, also, Diehlman v. Braunfels (Aug. 1, 1997), Lucas App. No. L-96-357, unreported (stating that one ordinarily would not expect to encounter oil spill while walking on the sidewalk). The second category of cases involves slip and falls that occur in an area of the property where one would expect to find oil spills — a parking lot, for example. See Owens v. Taco Bell Corp. (June 21, 1996), Lake App. No. 95-L-180, unreported; see, also, Condorodisv. Allright Cincinnati, Inc. (Aug. 23, 1995), Hamilton App. No. C-940882, unreported (concluding that one may reasonably expect to encounter an oil accumulation on the floor of a parking garage).
In Preble v. SuperAmerica (Oct. 20, 1995), Sandusky App. No. S-94-033, unreported, the court concluded that no liability could attach to the premises owner when an oil spill was located in an area where an individual might expect to encounter such a hazard. In Preble, the plaintiff pumped gas into her vehicle, walked across the blacktopped parking lot, and slipped on an oil spot. The court noted that nothing blocked the plaintiff' s view and that the oil spot was located in area where the plaintiff could have expected it. The court stated that because the fall occurred in area upon which vehicles park, the plaintiff should have been aware of the possibility of encountering such a danger. The court further explained:
 "* * * [T]he oil spot was not located on the sidewalk or in the cashier area where customers might not expect or be able to avoid such a hazard, nor was it hidden. * * * Moreover, even if appellant failed to observe the spot prior to her fall, in our view, she should have been aware of the possibility of encountering such a danger. Appellant' s fall occurred in an area of a gas station upon which vehicles park and where it would be reasonable to expect to encounter small' amounts of oil or other automotive fluids. Therefore, the record shows that not only was the oil spot open and obvious, but also that it was a danger which could have been reasonably expected in the area where appellant' s fall occurred."[4]
Like Preble, in the case at bar the evidence reveals that the oil spill was located in an area where one would reasonably expect to encounter such a hazard. No evidence exists that the oil spill was hidden. Additionally, assuming that Mrs. Ashbaugh did not see the spot prior to her fall, we believe that Mrs. Ashbaugh reasonably should have expected that a parking lot may contain oil spills. We note that Mrs. Ashbaugh stated that on the previous trips to the Family Dollar store, she had noticed dried over spots throughout the parking area.
Moreover, we find no merit to appellants argument that because the parking lot was inadequately lighted, liability may attach to appellees. We note that the burden of proof that a owner or occupier has failed to take reasonable precautions is on the invitee. Perry v. Eastgreen Realty Co. (1978), 53 Ohio St.2d 51,53, 372 N.E.2d 335, 336. As the court stated in Parras v.Standard Oil Co. (1953), 160 Ohio St. 315, 116 N.E.2d 300, paragraph one of the syllabus:
 "The mere happening of an accident gives rise to no presumption of negligence, and where one is accidentally injured while he is a business guest upon the premises of another, the burden is upon the person injured to show negligence upon the part of such other before he can recover damages from such other."
In the case at bar, no evidence exists to establish that the parking lot was inadequately lighted. To the contrary, Mrs. Ashbaugh testified that sufficient lighting existed for her to see. Simply because Mrs. Ashbaugh slipped and fell gives rise to no inference that appellees were negligent. Additionally, we note that "one who maintains a private motor vehicle parking area, for the accommodation of those he serves in a professional or business way, is generally under no legal obligation to illuminate the same at night." Jeswald v. Hutt (1968), 15 Ohio St.2d 224, 239 N.E.2d 37, paragraph one of the syllabus. See, also Provateare v. Hausman Co. (Apr. 29, 1999), Cuyahoga App. No. 74061, unreported; Krause v. Albrecht Grocery Co. (July 1, 1999), Cuyahoga App. No. 74468, unreported. Furthermore, not only is there no duty to light a parking lot, no precedent exists to establish that once some light is provided, the owner of the premises has a duty to provide "adequate" lighting. Meilink v.AAA Northwest Ohio (Dec. 4, 1998), Lucas App. No. L-98-1139, unreported. The amount of light in a given area is an open and obvious condition. Meilink citing Jeswald, supra.
We further find no merit to appellants' argument that Family Dollar somehow failed in their duty of inspection. Appellants appear to argue that because the oil spill existed on the morning following the accident, it can be inferred that Family Dollar failed in its duty of inspection. In Neal v. Pickaway CountyAgricultural Soc. (Feb. 28, 1996), Pickaway App. No. 95 CA 7, unreported, we rejected a similar argument. In Neal, we recognized that an owner or occupier of premises possesses a duty to inspect the premises. See Perry, 53 Ohio St.2d at 52,372 N.E.2d at 336. We noted, however, that "evidence of how long a dangerous condition existed is necessary to establish whether an owner should have discovered such condition upon his or her inspection." Consequently, in Neal, we found no genuine issue of material fact remained as to whether the owner possessed constructive notice of the hazard.
Similarly, in the case at bar, no evidence exists as to the length of time prior to the incident that the oil spill was present. Thus, whether Family Dollar would have discovered the oil spill upon inspection remains unknown.
Accordingly, based upon the foregoing reasons, we overrule appellants' assignment of error and affirm the trial court' s judgment.
JUDGMENT AFFIRMED.
[1] We note that plaintiffs filed several amended complaints in an attempt to join the proper parties. Additionally, although plaintiffs originally filed the complaint in Montgomery County, on November 25, 1998 the case was transferred to Highland County.
[2] On October 20, 1998, plaintiffs filed an amended complaint to include Champus Claims ("Champus") as a defendant. Plaintiffs included Champus Claims as a subrogated insurer. Plaintiffs alleged that Champus paid medical expenses on behalf of Christine Ashbaugh. Although the record reveals that Champus received service of the complaint, Champus did not file any responsive pleading.
Moreover, we note that the trial court' s summary judgment did not specifically resolve the claim against Champus. Generally, when a case involves multiple parties and the summary judgment is rendered in favor of fewer than all the parties, no final appealable order exists. See Civ.R. 54(B). When, however, the summary judgment renders any remaining claims against a party moot, a final appealable order exists. See, e.g., GeneralAccident Ins. Co. v. Insurance Co. of America (1989), 44 Ohio St.3d 17,21, 540 N.E.2d 266, 270-71. As the court stated inWise v. Gursky (1981), 66 Ohio St.2d 241, 421 N.E.2d 150, syllabus:
 "A judgment for the defendant in a civil action, which judgment renders the defendant' s third-party complaint for indemnification or contribution moot, is a final appealable order pursuant to R.C. 2505.02, and Civ. R. 54(B) is not applicable to such a judgment."
In the case at bar, the trial court' s grant of summary judgment in favor of appellees rendered any subrogation rights on behalf of Champus moot. Thus, the trial court' s grant of summary judgment constitutes a final appealable order.
[3] The parties do not dispute that Mrs. Ashbaugh was a business invitee and that Family Dollar is the occupier of the premises.
The Kinslows and the trust, as the lessors of the commercial premises upon which Family Dollar is located, appear to argue that any duty they owed to appellants is defined by R.C. 5321.04. We note, however, that in Burnworth v. Harper (1996), 109 Ohio App.3d 401,405-406, 672 N.E.2d 241, 244, we explained that R.C. Chapter 5321 was enacted to change the common law liability between landlords and tenants of residential premises. See, also, R.C. 5321.01(B) (defining a landlord as an owner of residential premises). We believe that the duty the Kinslows and the trust owed to appellants is defined according to the general principles of premises liability regarding business owners and occupiers and their business invitees.
[4] We note that the cases falling into the second category generally treat the oil spill as an open and obvious danger of which the plaintiff should have been aware. Neither appellees nor appellants have addressed this issue.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Highland County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
HARSHA, J. EVANS, J.: Concur in Judgment Opinion
For the Court
 BY: ____________________________ PETER B. ABELE, Judge
 NOTICE TO COUNSEL
Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.