DECISION AND JUDGMENT ENTRY
Plaintiffs-appellants, John Abbott, et al., are former tenants of University Hills, an apartment complex that was destroyed by fire on March 13, 1996. Appellants instituted the present case against defendant-appellee, Haight Properties, Inc., who managed the rental property, seeking damages for destroyed personal property, inconvenience and non-reimbursed moving costs.
Appellants alleged that defective electrical wiring in the apartment building caused the fire and that appellee was negligent per se in failing to maintain the electrical system/premises in violation of R.C. 5321.04. Subsequently, appellant, Westfield Insurance Companies ("Westfield") was allowed to intervene in the proceedings below as a subrogee of some of the former tenants of University Hills.
Appellee filed a motion for summary judgment supported by the affidavits of Frank Reitmeier, a fire cause-and-origin expert, and Philip E. Haight, President of Haight Properties, Inc. In Reitmeier's opinion, the fire was caused by an "electrical arc" in wiring stapled between "2x4's and a sound barrier sheeting" inside the wall dividing Apartment No. 106 and the utility room. Reitmeier stated that either one of the staples or one of the nails used to attach the wiring to the 2x4 breached the insulation around the electrical wiring and caused the arc. According to Haight, neither he nor Haight Properties, Inc., had knowledge of defects in connection with the electrical wiring in the apartment buildings. Appellee therefore argued that no evidence of a breach of any statutory duty existed and/or no evidence of the foreseeability of the fire existed.
Appellants deposed Reitmeier and then filed their combined motion for summary judgment and memorandum in opposition to appellee's motion for summary judgment. In Reitmeier's opinion, the defect, i.e., the "staple fault," in the electrical wiring existed from the time, 1968, the apartment building was constructed. Appellee's answers to interrogatories revealed that appellee never inspected the wiring between the walls. In his deposition, Reitmeier was asked if a contractor, after ripping out the wall in Apartment No. 106, could determine whether a staple fault occurred. Reitmeier replied, "Only if he was very lucky." Reitmeier explained that the staple may not have breached the electrical wire on any given day to be noticeable. When pressed for a more definitive answer, Reitmeier stated that if the precise area of the fault was opened and the staple was directly through the electrical wire, it would be noticeable. Based on this evidence, appellants argued that no question of fact existed on the issue of negligence per se because appellee breached a duty "to keep the electrical system in good repair."
After intervening, Westfield filed two memoranda in opposition to appellee's motion for summary judgment. Westfield asserted that appellee was negligent in failing to evaluate and repair electrical deficiencies in the apartment building and claimed that appellee had knowledge of the electrical problems prior to the fire. Attached to Westfield's second memorandum were several unauthenticated maintenance requests which purportedly supported this claim. In addition, Westfield filed two affidavits in support of the memorandum. In one affidavit, Kathryn Grant, a frequent visitor to University Hills, averred that she noticed "some missing light fixtures [on the walls of hallways] with exposed wires hanging or sticking out" whenever she was in the building. A second visitor, Dennis Niese, noted that the electrical sockets or outlets on the walls of the hallways had no covers, "leaving the electrical wiring exposed." Westfield also argued that the doctrine of res ipsa loquitur was applicable to this case.
On November 5, 1998, the trial court granted appellee's motion for summary judgment and denied appellants' motion for summary judgment. The court determined that to prove a breach of a landlord's statutory duty to maintain and repair rented premises, the tenant has the burden of showing that the landlord had notice of the hazardous condition. Quoting Hemphill v. Swan ParkApts. (Jan. 26, 1996), Lucas App. No. L-95-247, unreported, the court also noted that in exercising reasonable care, the landlord was required to inspect the premises to ascertain any dangerous conditions to protect the "`invitee'" from "`dangers foreseeable from the arrangement or use.'" and that "`[t]he obligation extends to the original construction of the premises, where it results in a dangerous condition.'" The court concluded that the staple fault was not one that a landlord could notice in the exercise of reasonable care. The court further held that assuming the evidence offered by Westfield was competent, it failed to create a question of fact as to whether appellee was provided with actual or constructive notice that it was required to open the wall containing the breached wire needing repair. The court also found that the doctrine of res ipsa loquitur was inapplicable to this case.
Appellants and Westfield timely appealed the trial court's judgment to this court. On April 12, 1999, we determined that, due to the fact that other parties to the case below were dismissed, without prejudice, the November 1998 judgment was not a final, appealable order. See Abbott v. Haight Properties, Inc.
(Apr. 12, 1999), Lucas App. No. L-98-1413, unreported. Finding our decision on this issue in conflict with another appellate court's, we certified this cause to the Ohio Supreme Court. That court determined that the trial court's judgment is a final, appealable order, see Abbott v. Haight Properties, Inc. (1999),87 Ohio St.3d 8, and this cause is now before us for a determination on the merits.
Appellants set forth the following assignments of error:
 "I. THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFFS WHEN IT GRANTED JUDGMENT TO THE DEFENDANTS ON THEIR MOTION FOR SUMMARY JUDGMENT."
 "II. THE TRIAL COURT ERRED WHEN IT GRANTED HAIGHT PROPERTIES INC.'S MOTION FOR SUMMARY JUDGMENT ON THE DOCTRINE OF RES IPSA LOQUITUR [SIC]."
Westfield asserts the following errors occurred in the proceedings below:
 "I. THE TRIAL COURT ERRED IN GRANTING HAIGHT PROPERTIES INC.'S, MOTION FOR SUMMARY JUDGMENT AS GENUINE ISSUES OF MATERIAL FACT EXISTED."
 "II. THE TRIAL COURT ERRED IN GRANTING HAIGHT PROPERTIES INC.'S, MOTION FOR SUMMARY JUDGMENT AS THE DOCTRINE OF RES IPSA LOQUITUR APPLIED."
Because they raise the same issues, appellants' assignments of error and Westfield's assignments of error shall be considered together.
In their first assignments of error, appellants and Westfield contend that the trial court erred in granting summary judgment to appellee because appellee breached its duty to inspect and discover the defective wiring and is therefore liable as a matter of law. In the alternative, appellants urge that questions of fact exist on the issue of whether appellee had actual and/or constructive notice of the defective wiring in the wall between Apt. No. 106 and the utility room of University Hills.
This court engages in a de novo review of the lower court's grant of summary judgment. Brown v. Scioto Bd. of Commrs.
(1993), 87 Ohio App.3d 704, 711. Civ.R. 56(C) provides that summary judgment can be granted only if (1) no genuine issue of material fact remains to be litigated; (2) it appears from the evidence that reasonable minds can reach but one conclusion and that conclusion is adverse to the nonmoving party; and (3) the moving party is entitled to summary judgment as a matter of law.Horton v. Harwick Chem. Corp. (1995), 73 Ohio St.3d 679, paragraph three of the syllabus. The party moving for summary judgment on the ground that the nonmoving party cannot prove its case bears the burden of delineating the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on one or more of the essential elements of the nonmoving party's claim. Dresher v.Burt (1996), 75 Ohio St.3d 280, 293. If the moving party satisfies this burden, the nonmoving party has a reciprocal burden, as outlined in Civ.R. 56(E), to set forth specific facts showing that there is a genuine issue for trial. Id. at 293.
Appellants' landlord liability complaint averred negligence on the part of the appellee. In order to establish actionable negligence, the plaintiff must show the existence of a duty, a breach of that duty, and an injury proximately resulting therefrom. Federal Steel Wire Cord v. Ruhlin Constr. Co.
(1989), 45 Ohio St.3d 171, 173. Appellants and Westfield allege that due to violations of a landlord's statutory duties, appellee's conduct constitutes negligence per se. R.C. 5321.04 defines the obligations owed to a tenant by a landlord and reads, in material part:
 "(A) A landlord who is a party to a rental agreement shall do all of the following:
"* * *
 "(2) Make all repairs and do whatever is reasonably necessary to put and keep the premises in a fit and habitable condition;
"* * *
 "(4) Maintain in good and safe working order and condition all electrical, plumbing, sanitary, heating, ventilating, and air conditioning fixtures and appliances, and elevators, supplied or required to be supplied by him; * * *."
The Ohio Supreme Court, in Shroades v. Rental Homes,Inc. (1981), 68 Ohio St.2d 20, 25, found that a violation of the statute does constitute negligence per se. However, the court added that the tenant must also establish that: (1) the land lord's failure to fulfill its statutory duties was the proximate cause of the injuries sustained by the tenant(s); and (2) the "landlord received notice of the defective condition of the rental premises, * * * the landlord knew of the defect, or * * * the tenant(s) made reasonable, but unsuccessful, attempts to notify the landlord." Id. at 25-26.
Following the Shroades case, appellate courts failed to make any distinction in the actual notice/constructive notice requirement as between a case involving a landlord's duty to repair under R.C. 5321.04(A)(2) and one involving a landlord's duty to maintain pursuant to R.C. 5321.04(A)(4). That is, courts required notice of the defect in cases alleging a failure to maintain as well as in those alleging a failure to repair. See,e.g., Burnworth v. Harper (1996), 109 Ohio App.3d 401 (landlord who had no notice of defective heating system was not liable for death of tenant resulting from his failure to maintain a gas space heater with a clogged flue); Wilhelm v. Heritage Mgt. Co. (Jan 26. 1998), Butler App. No. CA97-07-144, unreported (in a case where tenants notified the landlord of defects in apartment building's electrical wiring system, question of fact existed as to whether the landlord maintained that system); Norwood v. Everman (Oct. 10, 1997), Huron App. No. H-97-012, unreported (landlord not liable for failure to repair a defective step because he had no actual/constructive notice of the defect); Patton v. Harper (Mar. 4, 1996), Washington App. No. 95-CA-20, unreported (landlord not liable due to failure to maintain faulty heating system because he had no notice of the defect). In 1998, however, the Second District Court of Appeals determined that a difference existed between the two types of cases. See Lansdale v. Dursch (Nov. 6, 1998), Montgomery App. No. 16858, unreported.
In Lansdale, the tenant became ill as the result of a clogged flue pipe to the furnace in the rented premises. She filed suit against her landlord asserting that he breached his statutory duty "to maintain in good and safe working order and condition all heating fixtures and appliances by failing to have the furnace cleaned." However, it was undisputed that the landlord had no notice of any defect in the rental property's heating system or of the fact that the tenant was ill. There fore, the trial court determined, upon the landlord's motion for summary judgment, that no genuine issue of material fact existed on the issue of notice and dismissed the tenant's case. Id. On appeal, the Second District Court of Appeals discussed the fact that the term "repair" means "to fix" and that "maintain" is defined as "`to keep in an existing state * * *: preserve from failure or decline.'" Id., quoting Merriam Webster's Collegiate Dictionary (10 Ed. 1997) 702. The Lansdale court reasoned that the two words were not synonymous because one term requires a landlord to fix an existing defect and the other requires him to take preventative action prior to the development of a defect. Id.
Recognizing that the two sections of R.C. 5321.04(A) imposed different duties on the landlord, the court held:
 "Consequently, when a tenant asserts a cause of action contending her landlord breached his duty to maintain any of the fixtures or appliances listed in subsection (A)(4), it is nonsensical to require the tenant to show her landlord had notice of some defect when the landlord is under a statutory duty to prevent just such a defect. We conclude that when a tenant claims her landlord breached his duty to repair under subsection (A)(2), she must show her landlord had notice of a defect pursuant to Shroades, but if the tenant's basis for her claim is that the landlord breached his duty to maintain one of the appliances listed in subsection (A)(4), the tenant need only show that the landlord had actual or constructive notice that the appliance was improperly maintained. Such a showing may be demonstrated by, inter alia, evidence regarding the procedures necessary to maintain the particular appliance; any inspection, testing, or lack of the same, of the appliance for defects; or the landlord's schedule for regular maintenance or lack thereof. See Lilly v. Yee, 1995 Ohio App. LEXIS 1059 (Mar. 23, 1995), Franklin App. No. 94APE06-830, unreported." Id. See, also, Smith v. Ohio Edison, Inc. (Jan. 8, 1999), Clark App. No. 98-CA-37, unreported.
Appellants insist that the rule set forth in Landsdale, and as followed in Smith, is applicable in the present case because it involves a failure to maintain the Univerity Hills' electrical system. Since it is undisputed that appellee did not inspect the internal wiring system, appellants contend that it breached its duty as a matter of law. However, we are neither convinced that the rule of Lansdale is applicable in the instant case nor are we persuaded that the application of said rule is practicable in every case involving a claim citing a violation of R.C. 5321.04(A)(4).
With reference to this particular case, both Lansdale
and Smith involved defects to things that were readily available for inspection by a landlord. In Lansdale, it was a furnace flue and in Smith, outside electrical wiring. In order to inspect the electrical wiring in this case, appellee would have to tear open the wall and the sound board, a requirement that we find nonsensical in both this and similar cases. Moreover, the evidence offered establishes that this defect was a condition that existed from the time that these apartments were constructed. In other words, it was not a defect that developed due to a lack of preventative action. Thus, we conclude the defect in this case is a repair defect for the purpose of determining whether appellee had to have actual or constructive notice in order to have violated R.C. 5321.04(A). We find that they did not have such notice.
Appellants and Westfield rely on the unauthenticated maintenance forms and the affidavits of Grant and Niese to contend that notice to appellee of general electrical problems is constructive notice of the staple fault. As to the affidavits, both declare that there were exposed electrical wires in the halls of the apartment complex. However, neither affidavit points out any kind of electrical problem caused by the exposed wires. Furthermore, even viewing this evidence in a light most favorable to appellants and Westfield, one cannot infer notice of a defect in the wiring inside the wall between Apartment No. 106 and the utility room from the fact that some electrical wires associated with light fixtures in hallways were exposed. See Brinson v.Jenkins (Oct. 30, 1996), Hamilton App. No. C-96120, unreported.
Turning to the maintenance requests, as argued by appellee below, the forms were not authenticated. Documents submitted in support of or in opposition to a motion for summary judgment that are not sworn, certified or authenticated by affidavit may not be considered by a court in determining the motion for summary judgment. Civ.R. 56(E); Green v. B. F.Goodrich (1993), 85 Ohio App.3d 223, 228. Moreover, even if competent, the maintenance requests present no specific facts to create a genuine issue of material fact on the issue of constructive notice of the defect in the electrical wiring in the wall. Cf. Wilhelm, supra; Blakely v. Riley (January 7, 1992), Franklin App. No. 91AP-597, unreported. Accordingly, appellants' and Westfield's first assignments of error are found not well-taken[1].
In their second assignments of error, appellants and Westfield assert that the trial court erred in determining that the doctrine of res ipsa loquitur is inapplicable in this case.
In an action for negligence, Ohio law presumes that each party exercised ordinary care until one party produces evidence to the contrary. Wise v. Timmons (1992), 64 Ohio St.3d 113, 116, citing Biery v. Pennsylvania RR. Co. (1951), 156 Ohio St. 75, paragraph two of the syllabus. Thus, the burden rests with plaintiff to prove that the defendant failed to exercise due care and thereby caused plaintiff's injury. Wise v. Timmons,64 Ohio St.3d at 116, citing St. Marys Gas Co. v. Brodbeck (1926),114 Ohio St. 423, paragraph one of the syllabus. Nevertheless, when the only evidence of negligence is the mere fact of an accident, the instrumentality was under the exclusive control of the defendant, and the accident ordinarily would not have occurred absent negligence, res ipsa loquitur applies. Id. at 117, citing Glowacki v. North Western Ohio Ry. Power Co. (1927),116 Ohio St. 451, paragraph one of the syllabus. Res ipsaloquitur is rule of evidence which permits the jury, but not the court in a jury trial, to draw an inference of negligence * * *."Id., quoting Glowacki at paragraph one of the syllabus; Hake v.Wiedemann Brewing Co. (1970), 23 Ohio St.2d 65, 66.
In the present case, it is undisputed that the manner in which a staple or nail was inserted in order to fasten an electrical wire to a 2 x 4 inside a wall caused the staple or nail to wear through the insulation on the wire thereby causing an electrical arc which, in turn, caused the fire that led to appellants' property damage. It is also undisputed that this defect occurred when the building was constructed and that appellee never corrected the defect. Thus, evidence of negligence, other than the fire itself, was presented in this case and the doctrine of res ipsa loquitur cannot be used as a basis to deny appellee's motion for summary judgment. Accordingly, appellants' and Westfield's second assignments of error are found not well-taken.
On consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellants and Westfield Insurance Company are ordered to each pay one-half of the costs of this appeal.
 JUDGMENT AFFIRMED.
Abbott v. Haight Properties, L-98-1413.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _______________________________ Peter M. Handwork, J.
JUDGE
 Melvin L. Resnick, J., Richard W. Knepper, P.J.
CONCUR.
[1] In their reply brief, appellants raise the argument that appellee is negligent per se due to a violation of R.C.5321.04(A)(1), the failure to comply with applicable building and safety codes. As conceded by appellants, they did not raise this argument in the trial court; however, they ask for a remand so that the lower court may consider said argument. It is a cardinal rule of appellate review that a party cannot assert new legal theories for the first time on appeal. Stores Realty Co. v.Cleveland (1975), 41 Ohio St.2d 41, 43; Mark v. Mellott Mfg. Co.,Inc. (1995), 106 Ohio App.3d 571, 589. Thus, a reviewing court will not consider issues that a party failed to raise in the trial court and will consider those issues waived. Lippy v. SocietyNatl. Bank (1993), 88 Ohio App.3d 33, 40. Therefore, we will not address appellants' arguments related to R.C. 5321.04(A) (1) for the first time on appeal and will not remand this case for the trial court's consideration of this argument.