WINSTON PROPERTIES, APPELLEE, *v.* SANDERS, APPELLANT.

(No. C-880069—Decided March 22, 1989.)

*Lindhorst & Dreidame* and *Mark A. MacDonald,* for appellee.

*Edward S. Stokan,* for appellant Martha Sanders.

*Per Curiam.* This cause came on to be heard upon the appeal from the Court of Common Pleas of Hamilton County.

Plaintiff-appellee landlord is the owner of real property at 227 Albion Place. Defendant-appellant tenant verbally complained to appellee's resident manager about peeling paint and cracked plaster. Appellee did not immediately correct these problems. On July 15, 1985, appellee filed a complaint for forcible entry and detainer against appellant in the Hamilton County Municipal Court. Appellee filed a second suit against appellant for eviction on July 26, 1985. The cases were consolidated. Appellant counterclaimed against appellee, alleging: (1) violation by appellee of R.C. 5321.04 in failing to repair certain conditions within a reasonable time; (2) retaliatory conduct by appellee as a result of appellant's reporting the conditions to the proper agencies; (3) common-law negligence on the part of appellee in

allowing lead-based paint to remain in the premises after notice; (4) negligence *per se* on the part of appellee in allowing lead-based paint to remain in the premises after notice, in violation of R.C. 5321.04, Cincinnati Board of Health Regulation 00053-15, and other Cincinnati Board of Health regulations; (5) strict liability on the part of appellee in allowing lead-based paint to remain in the premises; and (6) statutory negligence on the part of appellee in breaching the warranty of habitability, and R.C. 5321.04, by allowing the use of lead-based paint. Counterclaims 3, 4, 5 and 6 were based upon the alleged diagnosis that appellant's grandchildren had lead poisoning. Because appellant's counterclaims exceeded the monetary jurisdiction of the municipal court, the cases were transferred to the common pleas court.

Appellee filed a motion for summary judgment as to counterclaims 3, 4, 5 and 6. Along with its motion, appellee filed the affidavit of Frederick B. Winston, M.D., the owner of Winston Properties. Winston's affidavit stated that he was unaware of the existence of lead-based paint in the premises until he received a notice from the Department of Health dated August 15, 1985, whereupon the problem was promptly corrected. Appellant filed her own affidavit in which she stated that her grandchildren had been diagnosed as having lead poisoning, and that she had complained to appellee's resident manager about peeling paint and cracked plaster.[1] The trial court granted appellee's motion for summary judgment as to counterclaims 3, 4, 5 and 6, and the judgment entry was certified under Civ. R. 54(B). Appellant timely appealed. The remaining claims were returned to the municipal court for disposition. The municipal court stayed all proceedings pending this appeal.

Appellant's sole assignment of error alleges:

"The trial court erred to the prejudice of tenant by granting landlord's motion for summary judgment."

A landlord is liable for injuries sustained on the leased premises when the injuries are proximately caused by the landlord's failure to fulfill the duties imposed by R.C. 5321.04. *Shroades* v. *Rental Homes, Inc.* (1981), 68 Ohio St. 2d 20, 22 O.O. 3d 152, 427 N.E. 2d 774. In order to impose liability on the landlord, it must be shown that the landlord received notice of the defective condition of the rental premises, that the landlord knew of the defect, or that the tenant had made reasonable, but unsuccessful, attempts to notify the landlord. *Id.*

It is undisputed that appellee had no knowledge that lead-based paint was present in the premises until the receipt of the notice from the health department on August 15, 1985. No evidence was presented to suggest that appellee should have known of the presence of lead-based paint. While appellant did notify appellee of peeling paint and cracked plaster, this was not tantamount to notification of the presence of lead-based paint in the premises.

Appellant argues that appellee may be held liable because appellee was negligent *per se* in violating Cincinnati Board of Health Regulation 00053-15, and certain other Board of Health regulations, which regulate the use of lead-based paint. Assuming, *arguendo,* that appellee was negligent *per se* in violating the ordinance, it still

---

[1] We note that copies of certain documents are attached to appellant's affidavit. These documents were not considered by the trial court, nor may they be considered by this court, because they were not properly authenticated by affidavit.

must be shown that appellee had notice of the defective condition of the premises or that appellant attempted to notify appellee of the existence of lead-based paint. See *Shroades* v. *Rental Homes, Inc., supra.* We also reject appellant's argument that appellee should be held strictly liable for the use of lead-based paint, because neither the ordinance nor the statutes create such strict civil liability. Further, under a common-law negligence theory, appellant must show that appellee knew of the source of the danger and that the defect was dangerous. *Harden* v. *Murphy* (Jan. 29, 1982), Lucas App. No. L-81-216, unreported. Appellee did not know of the lead-based paint and appellant did not attempt to notify appellee of the existence of lead-based paint. Appellant's assignment of error is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

HILDEBRANDT, P.J., DOAN and KLUSMEIER, JJ., concur.