**HINCKLEY et al., Appellants,**

v.

**KRANTZ et al., Appellees.**

[Cite as *Hinckley v. Krantz* (1995), 103 Ohio App.3d 53.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 67756.

Decided April 24, 1995.

*Sindell, Lowe & Guidubaldi* and *Claudia R. Eklund,* for appellants.

*Albert J. Rhoa,* for appellees.

*Per Curiam.*

An accelerated appeal is authorized pursuant to App.R. 11.1 and Loc. App.R. 25. The purpose of an accelerated docket is to allow an appellate court to render a brief and conclusionary decision. *Crawford v. Eastland Shopping Mall Assn.* (1983), 11 Ohio App.3d 158, 11 OBR 240, 463 N.E.2d 655; App.R. 11.1(E).

Plaintiff-appellant Becky Hinckley, individually and as the natural guardian of Danielle Hinckley, a minor, appeals the trial court's order granting the motion for summary judgment filed by the defendants-appellees Morton Krantz and K & G Investments. The appellant's complaint alleges that the appellees negligently designed and maintained a playground, and negligently permitted a dangerous condition to exist on the premises.

Danielle Hinckley was injured by a swing located next to a playground at the apartment complex owned and/or managed by the appellees. The metal glider swing, weighing at least one hundred pounds, is located next to the adult shuffleboard court, and is approximately ten feet from a playground area for children. There is no division between the adult area and the playground.

The appellant sets forth the following two assignments of error:

I

"The trial court erred in ruling as a matter of law, that a metal glider in excess of 100 lbs. located in a playground did not pose an unreasonable risk of injury for young children."

II

"The trial court erred in concluding that appellee did not have notice of an unsafe condition where it had issued a written warning to its tenants in that regard."

A motion for summary judgment forces the nonmoving party to produce evidence on any issue for which that party bears the burden of production at trial. *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095, citing *Celotex Corp. v. Catrett* (1986), 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265.

The essential facts are not disputed. The deposition testimony of the custodian of the complex was properly filed for the court's consideration. In the deposition, the custodian testified that he frequently warned children to stay

away from the swing. He also stated that in 1991, a notice was sent to the tenants which informed them that adult supervision was needed in the playground area, and that the shuffleboard swing was not to be used by children. This evidence is sufficient to demonstrate that the appellees were on notice of the risk to children posed by the swing.

 The appellant also bore the burden of producing some evidence that the playground was negligently designed.[1] The evidence attached to appellant's brief in opposition to the motion for summary judgment was sufficient to meet this burden. In addition to the deposition testimony of the custodian, the appellant submitted a picture of the playground and shuffleboard area, and the Handbook for Public Playground Safety.

The handbook, while placing no requirements on the appellees, does provide the suggested baseline for industry safety standards. In essence, evidence that the appellees failed to comply with these baseline standards is not negligence *per se*, but a demonstration of such failure is sufficient to present a question of material of fact for determination by the finder of fact.

The appellant's assignments of error are well taken.

The judgment is reversed and the cause is remanded.

*Judgment reversed
and cause remanded.*

PATTON, C.J., and JAMES D. SWEENEY, J., concur.

HARPER, J., dissents.

HARPER, Judge, dissenting.

I respectfully dissent from the majority's conclusion that appellants satisfied the evidentiary burden required by *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095. I would have thus overruled their assignments of error and affirmed the trial court's grant of summary judgment in favor of appellees.

A tenant who pursues a negligence action against his or her landlord must establish that the landlord's negligence proximately caused the sustained injuries.

---

1. Contrary to the appellees' arguments, the appellant has not alleged that the swing itself was negligently designed.

*Shroades v. Rental Homes, Inc.* (1981), 68 Ohio St.2d 20, 25, 22 O.O.3d 152, 155, 427 N.E.2d 774, 777–778; see, also, *Ouellette v. Myhal* (Mar. 14, 1991), Cuyahoga App. No. 58192, unreported, 1991 WL 34727. In order to impose liability on a landlord, it must be demonstrated that the landlord received notice of a defective condition of the rental premises, and knew of the defect, or the tenant made reasonable, but unsuccessful, attempts to notify the landlord. *Winston Properties v. Sanders* (1989), 57 Ohio App.3d 28, 565 N.E.2d 1280 (interpreting R.C. 5321.04).

In the within case, the injury suffered by Danielle was the first injury resulting from the glider's movement, and appellants offered no evidence that the glider was defective in its design or the playground was negligently designed or maintained by appellees. Appellants' offer of proof that the glider's placement was inherently dangerous based upon the "Handbook For Public Playground Safety" does not alter this conclusion. The introduction to the handbook specifically states that it contains guidelines which are not mandatory. The handbook does not profess legal requirements, and noncompliance with the requirements does not satisfy the requisite elements needed to prove negligence.

Additionally, appellants assert that the premises' maintenance man knew of the glider's potential danger and his expression of this concern to appellees creates a genuine issue of material fact with regard to appellees' knowledge. Appellants also rely on the 1991 memorandum to support their claim that appellees knew of the danger. However, the fact remains that Danielle was the first person injured by the glider. Any piece of playground equipment is potentially dangerous. Just because a child is injured thereon does not mean that the owner of the property and/or landlord is negligent in designing or maintaining a playground or a common area.

I accordingly dissent.