DECISION AND JUDGMENT ENTRY
{¶ 1} Laura Odom, personally and as the natural guardian of her daughter, Sarah Odom, appeals the Athens County Court of Common Pleas' decision granting summary judgment to Ralph Davis, dba Davis Rentals. The Odoms assert that the trial court erred because genuine issues of material fact exist. Because we find, after reviewing the evidence in the Odoms' favor, that reasonable minds could only conclude that they do not possess a claim against Davis, we disagree. Accordingly, we affirm the judgment of the trial court.
 I. {¶ 2} Davis started a rental business in the 1960s. In 1968, Davis purchased a single-family residence located at 327 Elizabeth Street in Nelsonville, Ohio. The bathtub/shower in the home had glass shower doors.
 {¶ 3} Laura and her daughter Sarah, age one year nine months, resided at 327 Elizabeth Street on June 27, 2000. That day, Laura entered the bathtub with Sarah in her arms and bathed Sarah. As Laura tried to open the sliding glass door, the glass in the door shattered. Laura was able to shield Sarah from the glass, but the glass cut Laura severely in several places. The incident terrified Sarah, and she suffered from a fear of glass and nightmares as a result.
 {¶ 4} In January 2001, the Odoms filed a complaint against Davis,[1] seeking compensation from Davis for injuries to Laura and for loss of consortium and negligent infliction of emotional distress upon Sarah. Specifically, the Odoms alleged that Davis was negligent in that he breached his common law duty to make reasonable inspections and discover hazardous conditions, and that Davis was negligent per se based upon a violation of R.C. 5321.04, because the shower door was not made of safety glass.
 {¶ 5} After the parties completed discovery, Davis filed a motion for summary judgment. In support of his motion for summary judgment, Davis filed an affidavit and his deposition. Davis contended that he did not know that the shower door was made of plate glass or that it was unsafe. Davis had never performed any repairs on the door, and never noticed anything unusual about it. Although Davis owned between fifty and sixty residential properties over the course of his approximately forty years in business, 327 Elizabeth Street was his only property with a glass shower door.
 {¶ 6} Davis also supported his motion with the affidavit of Keith Andrews, a former HUD inspector. Andrews averred that HUD inspected the residence at 327 Elizabeth Street on eight occasions between 1986 and 1993, and that none of the eight inspections revealed any dangerous condition in the glass shower door.
 {¶ 7} Davis also relied upon the deposition testimony of the Odoms' expert, Robert Carbonara, Ph.D. Dr. Carbonara testified that the glass shower door that injured Laura was not safety glass. He based his determination on the manner in which the glass broke. Carbonara also testified that every pane of safety glass is required to be marked as such, usually with a quarter-sized etching in the corner of each pane of glass. However, Carbonara admitted that to actually determine whether glass is safety glass, one must perform a destructive test, i.e., break the glass. Additionally, Dr. Carbonara agreed that, although the Ohio Basic Building Code ("OBBC") requires safety glass in shower doors, the OBBC does not apply to single-family, two-family, and three-family dwellings.
 {¶ 8} In their memorandum opposing Davis' motion for summary judgment, the Odoms asserted that Davis' contention that he had no knowledge that the material in the shower door was actually glass, much less plate glass, is "absurd." They cited Davis' testimony in support, particularly his testimony that he has forty years of experience in the rental business and owns two commercial properties. The Odoms noted that commercial properties are subject to the OBBC, and thus concluded that Davis was at least aware of the OBBC requirements for shower doors on those properties. Additionally, the Odoms listed logical reasons why plate glass is a particular danger in a bathroom, such as varying temperatures, humidity levels, and the occupant's lack of protection from clothing.
 {¶ 9} Davis filed a reply memorandum and attached an affidavit averring that the commercial properties he owns are a parking lot and a warehouse, which do not have running water, much less showers. Additionally, Davis noted that the Odoms failed to identify any evidence demonstrating that safety glass is required in residential shower doors. Davis pointed out that the only evidence in the record on the issue was Dr. Carbonara's testimony that the OBBC does not require safety glass in single-family homes.
 {¶ 10} The trial court granted summary judgment to Davis on the Odoms' claim that Davis was liable under a theory of negligence per se, but did not discuss the Odoms' claims on common law negligence, loss of consortium, and intentional infliction of emotional distress. The Odoms' appealed, but we dismissed the appeal for lack of a final appealable order. On remand, Davis moved for summary judgment on the Odoms' remaining claims, and the Odoms opposed the motion. The trial court granted Davis' motion, finding that Davis is entitled to summary judgment on each of the Odoms' claims.
 {¶ 11} The Odoms' timely appeal, and assert the following assignments of error: "I. The [trial court] erred in granting appellee summary judgment as a matter of law under Civil Rule 56, despite the existence of genuine issues of material fact. II. The [trial court] erred to the prejudice of appellants and abused its discretion when it violated the Rule 56 standard of review by (a) failing to apply or properly apply the law of common law negligence to the evidence, (b) by basing its decision in part on irrelevant evidence, and (c) by construing the evidence most strongly in favor of the moving party."
 II. {¶ 12} In their first assignment of error, the Odoms assert that the trial court erred in granting Davis' motion for summary judgment on each of their claims.
 {¶ 13} Summary judgment is appropriate only when it has been established: (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to only one conclusion, and that conclusion is adverse to the nonmoving party. Civ.R. 56(A). See Bosticv. Connor (1988), 37 Ohio St.3d 144, 146; Morehead v. Conley (1991),75 Ohio App.3d 409, 411. In ruling on a motion for summary judgment, the court must construe the record and all inferences therefrom in the opposing party's favor. Doe v. First United Methodist Church (1994),68 Ohio St.3d 531, 535.
 {¶ 14} The burden of showing that no genuine issue of material fact exists falls upon the party who moves for summary judgment. Dresherv. Burt (1996), 75 Ohio St.3d 280, 294, citing Mitseff v. Wheeler
(1988), 38 Ohio St.3d 112, 115. However, once the movant supports his or her motion with appropriate evidentiary materials, the nonmoving party "may not rest upon mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E); Dresher, supra at 294-95; Jackson v. Alert Fire Safety Equip., Inc. (1991), 58 Ohio St.3d 48, 52.
 {¶ 15} In reviewing whether an entry of summary judgment is appropriate, an appellate court must independently review the record and the inferences that can be drawn from it to determine if the opposing party can possibly prevail. Morehead, 75 Ohio App.3d at 411-12. "Accordingly, we afford no deference to the trial court's decision in answering that legal question." Id. See, also, Schwartz v. Bank-One,Portsmouth, N.A. (1992), 84 Ohio App.3d 806, 809.
 A. {¶ 16} The Odoms first claim that the trial court erred in granting summary judgment to Davis on their common law negligence claim because genuine issues of material fact exist. The Odoms offer a list of several questions that they identify as genuine issues of material fact. Specifically, the Odoms assert that genuine issues of material fact exist regarding what duty Davis owed to Laura and Sarah, whether Davis breached his duty, and whether Davis' alleged breach of duty caused Laura and Sarah harm. However, many of these questions actually pose questions of law. Specifically, Odom asserts that genuine issues of material fact exist as to whether Davis, as Odom's landlord, had a common law duty to the Odoms; whether that duty increased because a young child was present; and whether that duty included a duty to inspect, identify relative to industry standards, and remove non-safety glass.
 {¶ 17} The law determines when a landlord owes a duty to a tenant. Under early common law, a landlord generally had no duty to a tenant and was immune from tort liability arising from a dangerous condition on the leased premises, unless the landlord retained control of the premises. Shump v. First Continental-Robinwood Assoc., Ltd. (1994),71 Ohio St.3d 414, 417, citing Burdick v. Cheadle (1875), 26 Ohio St. 393. Courts have carved many exceptions to common law landlord immunity, including exceptions for "[c]oncealment or failure to disclose known, non-obvious latent defects; * * * failure to perform a covenant of repair; breach of statutory duty; and negligent performance of a contractual or statutory duty to repair." Shump at 418. However, under common law a landlord cannot be held liable for negligence unless he has knowledge both of the source of the danger and of the fact that the defect was dangerous. Winston Properties v. Sanders (1989),57 Ohio App.3d 28, 30; see also Burnworth v. Harper (1996),109 Ohio App.3d 401, 407, citing Shinkle, Wilson Kreis Co. v.Birney Seymour (1903), 68 Ohio St. 328.
 {¶ 18} Because common law provides that a landlord does not have a duty to remedy a condition unless he has knowledge of the source of the danger and the fact that the defect was dangerous, the question of Davis' duty to the Odoms is a factual one only to the extent that it requires a determination of whether Davis had knowledge of the source of the danger and the fact that it was dangerous.
 {¶ 19} In his motion for summary judgment, Davis identified evidence, specifically his own testimony, to support his contention that he had no knowledge that the shower door was plate glass or that it was dangerous. Additionally, Davis bolstered the credibility of his testimony that he had no knowledge of the dangerous condition of the door by filing evidence that HUD inspections never flagged the door as dangerous. Davis testified that he had physically operated the door once during the Odoms' tenancy, and he did not notice anything unusual about it. Additionally, Davis testified that the Odoms' residence is the only one of his rental properties that has a glass shower door. Finally, Davis testified that the Odoms never notified him of any problem with the shower door.
 {¶ 20} Once Davis presented evidence that he had no knowledge regarding the shower door, the burden shifted to the Odoms to point to evidence in the record raising a genuine issue of material fact regarding Davis' knowledge. The Odoms, however, failed to do so. The Odoms only presented evidence that Davis has been a professional real estate businessperson for approximately forty years, that Davis has personally managed approximately fifty rental properties, and that Davis has owned commercial rental property. These facts, even when construed in the Odoms' favor, are not sufficient to give rise to an inference that Davis possessed knowledge of the fact that the shower door was made of plate glass or that Davis had knowledge that the door was dangerous.
 {¶ 21} Thus, because the Odoms failed to present any evidence to rebut Davis' evidence regarding his lack of knowledge about the type of glass in the shower door and the danger it posed, we find that the trial court properly granted Davis' motion for summary judgment on the Odoms' common law negligence claim.
 B. {¶ 22} The Odoms next assert that the trial court erred in granting Davis' motion for summary judgment on their claim for negligence per se based upon Davis' violation of R.C. 5321.04.
 {¶ 23} A landlord who is a party to a rental agreement must comply with all safety codes and "do whatever is reasonably necessary to put and keep the premises in a fit and habitable condition." R.C.5321.04(A)(1)-(2). A landlord's violation of the duties imposed by this statute constitutes negligence per se. Sikora v. Wenzel, 88 Ohio St.3d 493,2000-Ohio-406, syllabus. However, "a landlord will be excused from liability under either section if he neither knew nor should have known of the factual circumstances that caused the violation." Id.
 {¶ 24} Davis contends that he complied with R.C. 5321.04(A)(1) and (2). In particular, Davis contends that he complied with all safety codes applicable to the Odoms' residence and, while the Odoms note that the Ohio Basic Building Code requires safety glass in glass shower doors, they concede that the OBBC does not apply to their residence. Davis also contends that he kept the Odoms' residence in a fit and habitable condition. Additionally, he asserts that he neither knew nor should have known of the fact that the shower door contained plate glass, or that plate glass was prone to shattering and causing injury.
 {¶ 25} The Odoms contend that Davis cannot be excused from liability under R.C. 5321.04 because Davis knew or should have known of the plate glass in the shower door and the danger it posed. In support of their contention, the Odoms assert that it is common knowledge that plate glass is dangerous because it has a tendency to shatter. The Odoms cite to the Code of Federal Regulations for the proposition that manufacturers of safety glass must mark it as such, and conclude that Davis should have known that the glass in their shower was not safety glass because it bore no mark. Additionally, the Odoms cite Dawson v. Williamsburg ofCincinnati Management Co. (Feb. 4, 2000), Hamilton App. No. C-981002, for the proposition that "the dangers of plate glass in sliding doors were well publicized in the residential rental industry."
 {¶ 26} In Dawson, the First Appellate District reversed a trial court's grant of summary judgment to the landlord where the tenant sued for injuries sustained after the plate glass in a sliding glass door shattered. Although the facts appear similar to those in this case, closer examination reveals several important distinctions.
 {¶ 27} First, we note that the quote the Odoms cite from Dawson,
relating to the dangers of plate glass being "well-publicized" in the residential rental industry, was taken from evidence in the record in that case. Specifically, the plaintiff/tenant in Dawson filed the affidavit of an expert witness relating to industry knowledge about plate glass. The Odoms did not provide such an affidavit in this case. Second, in Dawson, the apartment complex at issue was subject to a regulation governing the use of plate glass versus safety glass in sliding doors. In this case, the parties do not dispute that no similar regulation governed the glass door in the Odoms' apartment.
 {¶ 28} Finally, in Dawson the plaintiff/tenant provided evidence, in the form of the apartment complex maintenance manager's testimony, that the landlord knew or should have known that the sliding glass doors were not safety glass and were unsafe as a result. Specifically, the maintenance manager testified that he observed and repaired broken doors in other units in the complex, and he could tell from the shattering that the doors were not constructed of safety glass. In contrast, the Odoms did not offer any evidence that Davis had notice based upon observations of similar doors. Rather, the Odoms assert that Davis must have known that the glass in the shower was not safety glass because of the absence of a safety glass marking on the door. Contrary to the Odoms' assertion, evidence that Davis lacked affirmative knowledge about the glass is not equivalent to evidence that Davis actually knew or should have known that the glass was plate glass. Additionally, the Odoms assert that the danger of plate glass is common knowledge. However, even if the danger posed by plate glass is common knowledge that Davis knew or should have known, the Odoms failed to offer any evidence that Davis knew that the shower door was made of plate glass.
 {¶ 29} In sum, we find that the record in this case does not contain any evidence that Davis knew or should have known about the fact that the shower door in the Odoms' apartment was not safety glass. Nor does the record contain any evidence that Davis either knew or should have known that the shower door posed a danger. Therefore, we find that, to the extent that Davis failed to keep the premises in a safe and habitable condition, his failure was excused by his lack of knowledge. Thus, we find that the trial court did not err in granting summary judgment in favor of Davis on the Odoms' claim for negligence per se.
 C. {¶ 30} Because we find that Davis established that no genuine issue of material fact exists and that he is entitled to judgment as a matter of law on the Odoms' claim that he is liable for the injuries that Laura sustained when the glass shattered under both common law negligence and negligence per se theories, we find that the trial court did not err in granting summary judgment to Davis on the Odoms' first two causes of action. The Odoms' remaining causes of action, Sarah's claims for loss of consortium and negligent infliction of emotional distress, are derivative actions contingent upon an underlying finding of negligence. Thus, we find that the trial court also did not err in granting summary judgment to Davis on Sarah's causes of action.
 {¶ 31} Accordingly, we overrule the Odoms' first assignment of error, and find that the trial court did not err in granting summary judgment to Davis on each of the Odoms' claims.
 III. {¶ 32} In their second assignment of error, the Odoms assert that the trial court "abused its discretion" in granting summary judgment to Davis on the Odoms' claims. Specifically, the Odoms assert that the trial court failed to construe all the evidence in favor of the nonmoving party, that the trial court relied on irrelevant or incredible evidence, and that the trial court disregarded the Odoms' claim for common law negligence.
 {¶ 33} Because de novo review is a more stringent standard of review than the abuse of discretion standard (see, generally, Whiteside, Ohio Appellate Practice, (2003 Ed.) 313), our determination that the trial court did not err in granting summary judgment is dispositive on the issue of whether the trial court abused its discretion in granting summary judgment. As to the Odoms' specific arguments supporting their second assignment of error, we find neither any error nor any abuse of discretion.
 {¶ 34} In particular, we decline to find that the trial court erred or abused its discretion in applying the common law of negligence to the Odoms' claims. As we determined in ¶¶ 16-21 above, Davis established that no genuine issue of material fact exists and that he is entitled to judgment as a matter of law under a common law negligence theory. A court of appeals must affirm a judgment of the trial court if it reached the right conclusion, even if the trial court used invalid reasoning. Morehead v. Conley (1991), 79 Ohio App.3d 409, 414; McCormickv. Haley (1973), 37 Ohio App.2d 73, 135. Thus, even if the trial court failed to properly apply the common law of negligence as the Odoms' assert, we will not reverse, as our own review reveals that Davis is entitled to summary judgment on the claim as a matter of law.
 {¶ 35} Additionally, we decline to find that the trial court erred or abused its discretion by basing its decision in part on irrelevant or incredible evidence. The Odoms describe Davis' HUD inspection evidence as irrelevant because they occurred six to seven years before the glass shattered, and because HUD regulations have no applicability to glass doors. A trial court has broad discretion in the admission or exclusion of evidence. Rigby v. Lake Cty. (1991), 58 Ohio St.3d 269, 271. "Relevant evidence" is any evidence that tends to make a fact seem more or less probable than without the evidence. Evid.R. 401. Even though the HUD inspections are not conclusive evidence regarding whether the shower door was safe, the inspections are relevant in that they support Davis' contention that he had no knowledge that the shower door was dangerous. The Odoms characterize as "incredible" Davis' testimony that he had no knowledge that the material in the shower door was plate glass or that the door was dangerous. However, the Odoms did not file any contradictory evidence to give rise to a genuine issue of material fact.
 {¶ 36} Finally, we decline to find that the trial court erred or abused its discretion by construing the evidence most strongly in favor of the moving party. As we discussed in our resolution of the Odoms' first assignment of error, the Odoms failed to present any evidence that would prove that Davis knew or should have known about the existence of the plate glass in the shower door and the danger it posed. Davis presented evidence to support his position that he lacked knowledge of the danger. When construing all of the evidence in the record in the light most favorable to the Odoms, reasonable minds can only conclude that Davis is entitled to judgment as a matter of law.
 {¶ 37} Accordingly, we overrule the Odoms' second assignment of error, and we affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellants costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Athens County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 for the Rules of Appellate Procedure.
Exceptions.
Evans, P.J. and Abele, J.: Concur in Judgment and Opinion.
[1] The Odoms also named three "John Doe" defendants, but never served these defendants.